JONES, C.J.,
concurring in part, dissenting in part:
¶25 I concur in the result, but dissent from the majority’s conclusion that harmless error analysis is appropriate where sentencing determinations are made by the trial judge in the absence of the jury. The right to trial by an impartial jury is fundamental. The sentencing phase is, of itself, a life or death matter. Where a judge, not a jury, determines all questions pertaining to sentencing, I believe a violation of the Sixth Amendment to the Constitution of the United States has occurred. In the aftermath of the Supreme Court’s decision in Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (Ring II), the absence of the jury in the sentencing phase of a capital trial necessarily amounts to structural error. I would remand the case for resentencing, simply on the basis of the Sixth Amendment violation. See State v. Ring, 204 Ariz. 534, 565-67 ¶¶ 105-14, 65 P.3d 915, 946-48 (2003) (Feldman J., concurring in part, dissenting in part) (Ring III).